IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,          *

   v.                         *     Criminal Action No. RDB-13-0207

NAZRAT ZAMAN,             *

   *Defendant.*              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM ORDER</u>**

Defendant Nazrat Zaman ("Defendant" or "Ms. Zaman") and eight co-conspirators were charged in 2013 with several counts of bank fraud and aggravated identity theft. (ECF No. 1.) On September 19, 2014, Ms. Zaman pleaded guilty to Bank Fraud Conspiracy, in violation of 18 U.S.C. § 1349 (Count One) and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Count Four). (ECF No. 168.) As part of her plea agreement, she agreed to pay restitution pursuant to the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A ("MVRA"). (*Id.* at 5.) On December 19, 2014, this Court sentenced Ms. Zaman to a total of six months' imprisonment followed by three years of supervised release, as well as $116,636.47 in restitution joint and several with her co-defendants. (ECF No. 249 at 6.) On December 6, 2018, Ms. Zaman's case terminated while she still owed restitution payments. (ECF No. 536.) As of March 10, 2026, the principal remaining restitution owed is $72,901.55, and the remaining restitution owed with interest is $100,725.96. (ECF No. 637 at 1 & n.2.)

Presently pending before this Court is a Correspondence (ECF No. 636) filed by Ms. Zaman, through counsel, on February 27, 2026. Ms. Zaman seeks to terminate her restitution obligation because "since 2014, she has paid over $30,000, far more than i.e., $19,439, one-

1

sixth of the amount ordered." (ECF No. 636 at 1.) The Government has filed a Response in Opposition (ECF No. 637), asserting that joint and several liability is (1) permitted under MVRA; (2) prioritizes fairness to victims; and (3) ensures repayment. (*Id.* at 2.) Also, it argues that this Court lacks jurisdiction to modify restitution because it is a final judgment. *See* (*id.*) The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Ms. Zaman's Correspondence (ECF No. 636), construed as a Motion to Modify Restitution, is DENIED.

As an initial matter, this Court lacks statutory authority to modify the restitution order because Judgment against Ms. Zaman was entered in 2014 and she did not appeal, such that the restitution order has long been a final judgment. *See, e.g.*, *Brewton v. United States*, 2018 WL 5085763, at *2 (W.D.N.C. Oct. 18, 2018) (denying motion to amend joint and several restitution where defendant complained she was the only one paying it); 18 U.S.C. § 3664(o) (providing that "[a] sentence that imposes an order of restitution is a final judgment notwithstanding the fact that" the sentence is subject to modification under specified circumstances.) Moreover, even if the Court had such authority, Ms. Zaman's argument is not a basis for any relief. *See, e.g.*, *United States v. Campbell*, 2021 WL 1894246, at *3 (W.D.N.C. May 11, 2021) (explaining joint and several restitution is permissible under MVRA and its purpose is fairness to victims, regardless of whether one defendant ultimately pays more of restitution amount than co-defendants); *United States v. Dillard*, 641 F. App'x 252, 254 (4th Cir. 2016) (unpublished) (affirming joint and several restitution order and explaining such restitution "may be necessary to ensure that the grand total of compensation ultimately paid pursuant to the various restitution orders does not exceed the victim's losses"). Thus, Ms. Zaman's

Motion to Modify Restitution (ECF No. 636) is DENIED because the restitution order is a final judgment not subject to modification and, alternatively, because she has not shown any basis for such modification.[1]

## CONCLUSION

For the reasons stated above, it is this 13th day of April 2026, hereby ORDERED that:

1. Defendant's Correspondence (ECF No. 636), construed as a Motion to Modify Restitution Obligation, is DENIED;

2. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record in this case.

/s/
_____
Richard D. Bennett
United States Senior District Judge

---

[1] Ms. Zaman also waived any right to appeal her sentence, specifically including restitution. (ECF No. 168 at 6); *see also United States v. Cohen*, 459 F.3d 490, 500 (4th Cir. 2006) (dismissing appeal of restitution order in its entirety because restitution was within the scope of district court's authority under MVRA and defendant waived appeal in plea agreement); *Brewton*, 2018 WL 5085763, at *2 (concluding waiver of appeal in plea agreement extended to waiver of collateral attack as to restitution order).